IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUFUS TERRY McDOUGALD, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOUSTON CO. CIRCUIT COURT )<br>CLERK CARLA WOODALL, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 1:18-CV-748-WKW<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against Carla Woodall, Circuit Court Clerk for Houston County, Alabama; Douglas Valeska, former District Attorney for Houston County; and Patrick Jones, III, District Attorney for Houston County. Plaintiff complains that Woodall has improperly denied his motions complaining that he lacked access to documents which might have supported a speedy trial motion. Plaintiff requests declaratory relief, injunctive relief, and $100 million in damages. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### **I. DISCUSSION**

**A.    Defendant Woodall**

Plaintiff names Carla Woodall, the Circuit Court Clerk for Houston County Alabama, as a

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 4. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

defendant and complains that she improperly denied motions he filed in a matter pending before the state court. While a judge issues rulings and decisions in court proceedings over which the judge has jurisdiction, when a court clerk acts "under command of court decrees or under explicit instructions of a judge," such as entering the judge's rulings on the court docket, the absolute immunity of the judge extends to the court clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980); *Jenkins v. Clerk of Ct.*, 150 F. App'x 988, 990 (11th Cir. 2005) (holding that a court clerk who acts under authority granted by state law and on behalf of a court is entitled to absolute immunity from damages liability when sued under § 1983 because she is performing a judicial function); *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983); *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (holding that the filing of documents by clerk is integral part of judicial process and protected by judicial immunity).

To the extent Plaintiff's complaint is in the nature of a writ of mandamus, *see* 28 U.S.C. § 1361, the law is settled that federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a Plaintiff. Federal courts, however, are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Gurley v. Sup. Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, this federal district court has no mandamus jurisdiction over a state employee and cannot compel her to act in performance of her job duties. The complaint against Defendant Woodall is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B.     Defendants Valeska and Jones**

Plaintiff also names as defendants former District Attorney Douglas Valeska and current

District Attorney Patrick Jones, III.  However, a "prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and all appearances before the court, including examining witnesses and presenting evidence." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (citations omitted); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).  This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City St. Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord Prince v. Wallace*, 568 F.2d 1176, 1178–79 (5th Cir. 1978).

To the extent Plaintiff's complaint against Valeska and Jones concerns actions arising from these defendants' roles "advocate[s] for the state," these actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676 (citations omitted).  Valeska and Jones are, therefore, "entitled to absolute immunity for that conduct." *Id*.  Further, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state-court proceedings related to his criminal proceedings before the Circuit Court for Houston County. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486–87 (1983) (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional").  Plaintiff's complaint against Valeska and Jones is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Carla Woodall be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's complaint against Defendants Valeska and Jones be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

3. This case be DISMISSED prior to service of process.

It is further ORDERED that **on or before November 16, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 2nd day of November, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE